Nos. 15-3912, 16-1203, 16-1408
Consolidated with Nos. 15-3909, 16-1245

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

In re: Target Corporation Customer Data Security Breach Litigation,
APPEAL OF: Leif A. Olson, Objector-Appellant

Appeal from the United States District Court
for the District of Minnesota,
Case No. 0:14-md-02522-PAM
Judge Paul A. Magnuson

**Appellant Olson's Reply In Support of
Olson's Motion to Vacate $46,872 of the Appeal Bond,
or, in the alternative,
Motion for an Order Vacating Joint and Several Liability and Requiring
Appellant Sciaroni to Contribute His One-Half Share of the Appeal Bond,
or, in the alternative,
to Dismiss Sciaroni's Appeal**

Theodore H. Frank
Melissa A. Holyoak
COMPETITIVE ENTERPRISE INSTITUTE,
CENTER FOR CLASS ACTION FAIRNESS
1899 L Street, NW, 12th Floor
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorneys for Objector-Appellant Leif A. Olson*

# Table of Contents

Introduction ..................................................................................................................1

Argument....................................................................................................................2

I.  Plaintiffs ignore the limitations of Rule 7: appeal bonds cannot tax costs that are not recoverable by rule or statute. .......................................................................................2

II.  It is improper to tax Rule 38 costs in a Rule 7 appeal bond because this Court—not the district court—determines whether an appeal is frivolous; Olson's appeal is not frivolous. ....................................................................................................................6

III.  Joint and several responsibility for the appeal bond is unconstitutional because it forces Olson to be financially responsible for the actions and appeal of Sciaroni, which are outside of Olson's control. ............................................................................... 10

Certificate of Service ................................................................................................ 12

## Introduction

Plaintiffs' Response to Olson's Motion to Vacate tries to stick a square peg in a round hole: there is simply no federal rule or statute that permits $46,872 in administration delay costs to be included in the Rule 7 appeal bond. Plaintiffs' Response relies on unreasoned district court rulings that contradict the appellate courts to have squarely addressed the issue. *See* Consumer Plaintiffs'/Appellees' Response to Appellant Olson's Motion to Vacate Part of Appeal Bond ("Pls. Resp.") at 6. Then plaintiffs mischaracterize the leading circuit decisions, creating a circuit split where there is none. Pls. Resp. at 7. The Sixth Circuit in *In re Cardziem CD Antitrust Litig.*, 391 F.3d 812, 817 (6th Cir. 2004) upheld administration costs in a Rule 7 bond because appellees could recover such costs from appellant under the specific, underlying Tennessee statute. The Tenth Circuit, by contrast, held that administration costs could not be included in a Rule 7 appeal bond where there was no underlying statute or rule permitting recovery of such costs. *Tennille v. Western Union Co.*, 774 F.3d 1249, 1256 (10th Cir. 2014). Both courts—like every appellate court to have considered it—require a rule or statute to tax such costs under a Rule 7 appeal bond. *Tennille* applies here (because there is no underlying statute permitting such costs), *Cardizem* does not, and there is no split.

Plaintiffs' argument that Rule 8 is inapplicable completely misses the point. Of course Rule 8 does not apply. Olson explained that while delay costs may be included in a Rule 8 bond, they cannot be included in a Rule 7 bond. *See* Motion to Vacate at 4-5. Plaintiffs may want a Rule 8 bond (with delay costs) but because Rule 8 is not available here, they distort the rules to try and squeeze delay costs into a Rule 7 bond.

1

In Olson's Motion to Vacate, Olson requests the alternative relief that this Court vacate the joint and several liability of the appeal bond because it is unconstitutional to force Olson to be financially responsible for the actions of his unrelated co-appellant, and to require appellant Sciaroni to contribute his share of the bond or dismiss his appeal. *See* Motion to Vacate at 17. Plaintiffs have no response to the constitutionality arguments, and Sciaroni waived any response. But this Court need not address those arguments if the appeal bond is vacated.

## Argument

### I. Plaintiffs ignore the limitations of Rule 7: appeal bonds cannot tax costs that are not recoverable by rule or statute.

"Although Plaintiffs can point to several unreported district court cases imposing appeal bonds that cover delay damages or increased administrative costs to maintain a class settlement pending appeal…the reasoning of those cases [is not] persuasive in light of the unanimous circuit authority restricting an appeal bond to costs expressly permitted by rule or statute." *Tennille,* 774 F.3d at 1256. The same is true here. Plaintiffs invent an appellate split on the issue by citing *In re Cardziem CD Antitrust Litigation*. *See* Consumer Plaintiffs'/Appellees' Response to Appellant Olson's Motion to Vacate Part of Appeal Bond ("Pls. Resp.) at 7. But *Cardziem* did not decide as any categorical matter that administrative costs were includable in a Rule 7 appeal bond. Rather, it interpreted the statute underlying the appeal in that case as providing for shifting of administrative costs in the event the appellant lost. *Id.* at 817 (discussing Tenn. Code. § 47-18-109(e)(2)); *accord Tennille*, 774 F.3d at 1256 n.6 (repudiating plaintiffs' reliance on *Cardziem*). Here, as in *Tennille*, "Plaintiffs have not

2

identified any rule or statute [other than Rule 7 itself] that allows them to recover, as costs on appeal, funds spent either notifying class members of Objectors' merits appeals or maintaining the settlement pending those appeals, the district court erred in imposing a Rule 7 appeal bond that included those costs." 774 F.3d at 1256.[1] In fact, they call this position—a position at least as restrictive has been adopted by every single published appellate authority—"untenable." Pls. Resp. 13.

Plaintiffs beg the question by suggesting that Rule 7 itself is the authority permitting the bonding of administrative costs, even though they had just five pages earlier admitted that "Rule 7 itself does not define 'costs on appeal.'" *Contrast* Pls. Resp. 9 *with* Pls. Resp. 14. Under this view of Rule 7, "costs" are limited by nothing more than the outer bounds of counsel's imagination. Needless to say, allowing the appellee to determine the financial barrier to an appellant's appeal is poor policy.

While plaintiffs acknowledge that this Court in *Uponor* rejected all but $25,000 of a bond composed of alleged taxable costs ($25,000), administrative expenses ($20,000), and costs of additional class notice ($125,000), they contend that nothing can be learned from that decision. Pls. Resp. at 9. Furthermore, they fail to even engage Olson's argument that Texas' consumer protection statute, that under which Olson is jurisdictionally connected, is asymmetrical and would not shift costs against an unsuccessful consumer. *See* Motion to Vacate at 11; *see generally Azizian v. Federated*

---

[1] This itself assumes the most charitable view of Rule 7 for the plaintiffs, under which they may bond any costs available to be shifted under the underlying statute even if not taxable costs under Fed. R. App. P. 39. Olson maintains that the best view is that the "costs" referred to in Rule 7 are simply those delineated in Rule 39. *See In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985).
3

*Dep't Stores, Inc.*, 499 F.3d 950, 959-60 (9th Cir. 2007) (explaining why asymmetry is important).

Dismissing Olson's concern about eviscerating the distinction between Fed. R. App. P. 7 and 8, Plaintiffs note that "the vast majority" of district courts including administrative costs do not even discuss Rule 8. All that shows is that there is a problem with certain district courts too readily deferring to the settling parties' view of the law and with attempting to shield their decisions against appeal. *See generally* Brian Wolfman, *Judges! Stop Deferring to Class-Action Lawyers*, 2 U. MICH J. L. REFORM ONLINE 80 (2013).

The *General Electric Securities* decision that did discuss the issue of interplay between Rules 7 and 8 is legally erroneous. 998 F. Supp. 2d 145, 152 (S.D.N.Y. 2014). The difference between supersedeas bonds and costs bonds is salient. "A 'supersedeas bond' is retrospective covering sums related to the merits of the underlying judgment (and stay of its execution), whereas a Rule 7 appeal or 'cost bond' is prospective relating to the potential expenses of litigating an appeal." *Tennille*, 774 F.3d at 1254 n.3 (internal quotation and alteration omitted). *General Electric* latches on to the fact that continuing administrative costs are prospectively incurred and so assumes they fit with the Rule 7 rubric, without considering the fact that said costs are not incurred in any connection with "litigating the appeal." Perhaps even more importantly, the administrative expenses lie within the ambit of Rule 8 rather than Rule 7 because they are provided for under the settlement agreement itself, and thus are "related to the merits of the underlying judgment." *See Vaughn*, 507 F.3d at 298-99. The agreed-upon settlement here, as incorporated into the district court's final judgment, both provides

4

that "Target shall pay all expenses associated with providing notice to Class Members" and "Target shall pay all expenses associated with administration of the Distribution Plan." Settlement Agreement, Dkt. 358-1, ¶¶4.3, 5.14. Administrative costs are part and parcel of the settlement and can only be secured by a Rule 8 supersedeas bond.

It is standard practice for settlement agreements to provide for consummation of the settlement terms only after all appeal possibilities have expired, and for either the settlement fund or the defendant to pay the costs of administration during any appeal. Thus, there is no reason for Olson, or any other objector-appellant in a typical settlement, to move to stay the judgment. *General Electric* treats this state of affairs as a reason to end-run Rule 8 in favor of resorting to an untethered Rule 7. 998 F. Supp. 2d at 152. In this particular case, since Target is paying the administrative costs independently of class funds, payments to the administrator are not detrimental to class members (raising the independent question of why class counsel would seek to bond these costs in the first place other than to illegitimately deter a meritorious appeal?). But even where the administrative costs are coming from the class fund and would correspondingly eat into class funds, the *General Electric* approach is misguided; it fails to realize that the class has already received a negotiated benefit for the extra administrative costs it may have to swallow if a class member objects and appeals. *See Vaughn,* 507 F.3d at 299 ("the costs of delay are adequately captured by the settlement."). Moreover, the result of a meritorious appeal is "appellate correction of a district court's errors…a benefit to the class." *Crawford v. Equifax Info Servs.*, 201 F.3d 877, 881 (7th Cir. 2000).

5

## II. It is improper to tax Rule 38 costs in a Rule 7 appeal bond because this Court—not the district court—determines whether an appeal is frivolous; Olson's appeal is not frivolous.

Plaintiffs argue that the Rule 7 bond can be upheld based on costs available under Federal Rule of App. P. 38. *See* Pls. Resp. at 14. Rule 38 permits an *appellate court* to order an appellant to pay costs to the appellee if the *appellate court* finds that an appeal is frivolous. Fed. R. App. P. 38. "While Rule 39 expressly authorizes the district court to tax certain costs on appeal, and while it is usually the district court that ultimately determines entitlement to expenses including attorney's fees on appeal under fee-shifting statutes, only the court of appeals may order the sanction of appellate attorney's fees under Rule 38." *Azizian*, 499 F.3d at 960. The Ninth Circuit and the D.C. Circuit have held that a Rule 7 bond should not include costs available under Rule 38 for frivolous appeals:

> We agree with the D.C. Circuit that the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. *In re Am. President Lines*, 779 F.2d at 717. Allowing districts court to impose high Rule 7 bonds on where the appeals *might* be found frivolous risks "impermissibly encumber[ing]" appellants' right to appeal and "effectively preempt[ing] this court's prerogative" to make its own frivolousness determination. *Id.* at 717, 718; *see also Adsani*, 139 F.3d at 79. "[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.") (quoting *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)).

*Azizian*, 499 F.3d at 961; *but see Tennille*, 774 F.3d at 1255 ("the First Circuit, contrary to several other circuits, permits an appeal bond to cover attorneys' fees recoverable under Fed. R. App. P. 38") (citing *Sckolnick v. Harlow*, 820 F.2d 13, 14-15 (1st Cir.

6

1987). As the Ninth Circuit explained, a district court does not get to prejudge the appeal and "deter" appeals it does not like through excessive appeal bonds. *Azizian*, 499 F.3d at 961; *Vaughn*, 507 F.3d at 299; *Am. President Lines*, 779 F.2d 714; *but see Adsani*, 139 F.3d at 79. If a judge improperly chills appeals of its decisions, it could forever avoid review of its rulings. *Cf. Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) ("A district judge ought not try to insulate his decisions from appellate review….").

Even if the Rule 7 appeal bond could include Rule 38 costs, Rule 38 cannot save the excessive appeal bond here because the district court did not specifically find—nor could it—that Olson's appeal was frivolous. *Cf. Young v. New Process Steel, LP,* 419 F.3d 1201, 1207-08 (11th Cir. 2005) (holding that Rule 7 bond could not tax attorneys' fees in civil rights' case without specific finding that appeal would be frivolous). While the district court punished Olson for being a "professional objector" (despite evidence to the contrary, *see* Motion to Vacate at 14-15),[2] the only appeal the district court found to be "frivolous" was appellant Miorelli's appeal because Miorelli was not a class member. *See* Dkt. 713 at 3. Miorelli's appeal was dismissed by this Court for lack of standing prior to the district court's deadline to post the appeal bond, *see* Appeal Nos. 15-3915, which merely illustrates the Ninth Circuit's holding that excessive appeal bonds are unnecessary because appeals courts are well-equipped

---

[2] Plaintiffs' discussion of CCAF's litigation history (Pls. Resp. at 19) is sanctionably misleading. *E.g., Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 807, 813-17 (N.D. Ohio 2010) ("the Court is convinced that Mr. Frank's goals are policy-oriented as opposed to economic and self-serving"; awarding CCAF about $40,000 in attorneys' fees for increasing class benefit by $2 million).

7

to dispose of frivolous appeals quickly, *see Azizian*, 499 F.3d at 961. Just as Olson should not be jointly and severally liable for the potential frivolous acts of Sciaroni, *see supra* Section III, Olson should not be punished for the frivolous (and now dismissed) appeal of an unrelated party.

More important, Olson's appeal is not frivolous. "Under Rule 38, an appeal is frivolous 'when the result is obvious or when the appellant's argument is wholly without merit.'" *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006); *Azizian*, 499 F.3d at 960 ("Award of appellate attorney's fees for frivolousness under Rule 38 is highly exceptional…."). Olson's appeal challenges the adequacy of representation under 23(a)(4) because the district court approved a single settlement class that fails to give any relief to an uncertified and unrepresented subclass while releasing all of that subclass's claims. *See* Dkt. 513 at 8-12. The district court refused to consider Olson's 23(a)(4) challenge because it would not revisit its findings regarding class certification that it made during preliminary approval. *See* Dkt. 645 at 6. Olson's counsel, the Center for Class Action Fairness ("CCAF"), successfully appealed the same issue presented here in the Third Circuit. *See Dewey v. Volkswagen AG*, 681 F.3d 170 (3d Cir. 2012) (reversing approval of settlement that "divided a single class into two groups of plaintiffs that receive different benefits" when second group did not have separate representation). Plaintiffs fail to cite or discuss *Dewey*. Instead, they argue that Olson's arguments are unavailing under *Marshall v. Nat'l Football League*, 787 F.3d 502 (8th Cir. 2015). Pls. Resp. at 17. But *Marshall* did not involve an adequacy challenge under Rule 23(a)(4) and plaintiffs provide no explanation why Olson's appeal is "wholly without merit" under *Marshall*. While the district court overruled

8

Olson's arguments, it did not find Olson's arguments frivolous and plaintiffs cannot show that Olson's appeal is frivolous. CCAF has brought 18 federal appeals relating to class action settlements that have been fully litigated; it has won more than two thirds of these appeals, and has never been sanctioned for bringing a frivolous appeal.

Plaintiffs argue that the district court's finding regarding "professional objector" status was merely part of its reasoning, although in imposing the excessive bond the district court specifically held that it "treats with particular disapproval the objections and appeals of 'professional objectors.'" *See* Dkt. 713. Plaintiffs continue to label CCAF as a professional objector even though, unlike extortionate objectors, it does not accept money to dismiss appeals and has been praised by appellate courts for its work: "Theodore Frank and the other objectors flagged fatal weaknesses in the proposed settlement." *Pearson v. NBTY*, 772 F.3d 778, 786 (7th Cir. 2014) (Posner, J.).

Plaintiffs argue that the bond was not punitive because it has "clearly not deterred any appeal." *See* Pls. Resp. at 20. Not true. After the appeal bond order was issued, both appellants Gibson and Miorelli indicated to counsel for Olson that they would dismiss their appeals because they could not contribute their share of the bond. Gibson dismissed her appeal. *See* Appeal No. 15-3914. Before he could seek dismissal, Miorelli's appeal was dismissed for lack of standing. *See* Appeal No. 15-3915. And while Olson posted the bond amount, Sciaroni has not contributed and is seeking to avoid contribution, and may dismiss his appeal if required to contribute.

9

### III. Joint and several liability for the appeal bond is unconstitutional because it forces Olson to be financially responsible for the actions and appeal of Sciaroni, which are outside of Olson's control.

In defending the joint and several liability of the appeal bond, plaintiffs cite to two district court opinions, *In re Uponor, Inc.*, 2012 U.S. Dist. LEXIS 130140 (D. Minn. Sept. 11, 2012) and *In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184 (GEB), 2007 U.S. Dist. LEXIS 47659, at *43 (D.N.J. July 2, 2007) where the appeal bonds were joint and several. But in both cases, appellants did not challenge and the court offered no reasoned opinion regarding the joint and several liability. *Id.* The district court here similarly failed to give any reasoning for holding Olson liable for Sciaroni's appeal.

Plaintiffs fail to respond to the unconstitutionality of the joint and several liability. Plaintiffs argue that Olson is simply responsible for his own conduct. *See* Pls. Resp. at 20. But the bond that *Olson* posted could be used to pay for the conduct of *Sciaroni*. That makes Olson financially responsible for conduct outside of Olson's control and is therefore, unconstitutional. *Cf. Houston Contractors Ass'n v. Metro. Transit Auth. of Harris County*, 993 F. Supp 545, 558 (S.D. Tex. 1997), *vacated on other grounds by Houston Contractors Ass'n v. Metro. Transit Auth. of Harris County*, 189 F.3d 467 (5th Cir. 1999) ("The Constitution disallows collective guilt."). At a minimum, the joint and several liability should be vacated.

In any event, contribution from Sciaroni should be required if the appeal bond is not vacated, and no party to the appeal disputes this. If the illegal appeal bond is not vacated, justice and fairness require this Court to order Sciaroni to contribute his fair share of the appeal bond as reimbursement to Olson's counsel, or to dismiss his appeal. Sciaroni should not be allowed to free-ride off of Olson's non-profit counsel.

10

Dated: February 29, 2016.        /s/ Melissa A. Holyoak
                                 Melissa A. Holyoak
                                 COMPETITIVE ENTERPRISE INSTITUTE,
                                 CENTER FOR CLASS ACTION FAIRNESS
                                 1899 L Street, NW, 12th Floor
                                 Washington, DC 20036
                                 Phone: (573) 823-5377
                                 Email: melissaholyoak@gmail.com

                                 *Attorneys for Objector-Appellant Leif A. Olson*

# Certificate of Service

I hereby certify that on February 29, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Mr. Michael J. Agoglia
Rebekah Kaufman
Mr. Jack W. Londen
Mr. Harold J. McElhinny
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

Mr. Felipe J. Arroyo
ROBBINS & ARROYO
Suite 1900
600 B Street
San Diego, CA 92101

Mr. Fred B. Burnside
DAVIS & WRIGHT
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

Mr. Robert G. Flanders Jr.
HINCKLEY & ALLEN
Suite 1500
50 Kennedy Plaza
Providence, RI 02903

12

Mr. David Frank McDowell
Ms. Nancy R. Thomas
MORRISON & FOERSTER
Suite 3500
555 W. Fifth Street
Los Angeles, CA 90013-0000

Mr. Douglas H. Meal
ROPES & GRAY
Prudential Tower 800
Boylston Street
Boston, MA 02199-3600

Ms. Jennifer J. Sosa
MILBERG LAW FIRM
1 Pennsylvania Plaza
New York, NY 10119

Ms. Michelle Visser
ROPES & GRAY
Three Embarcadero Center
San Francisco, CA 94111-4006

/s/ Melissa A. Holyoak
Melissa A. Holyoak

13